

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00253-CR

———————————————————

LARRY JOE BREWER JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR21-1013

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Larry Joe Brewer Jr. attempts to appeal a judgment adjudicating him guilty of fraudulent use or possession of identifying information. *See* Tex. Penal Code Ann. § 32.51(c)(1). Brewer pleaded true to the State's probation-violation allegations, and the trial court sentenced him to thirteen months' confinement. Pursuant to the written plea admonishments that were signed by Brewer, Brewer waived his right to appeal. The "Trial Court's Certification of Defendant's Right of Appeal" in this case states that "the defendant has waived the right of appeal" and that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d).

On November 8, 2022, we notified Brewer of the certification and warned him that we would dismiss the appeal unless we received a response by November 18, 2022, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. While Brewer filed a response, it does not show grounds for continuing the appeal.[1] In accordance with the trial court's certification, we dismiss Brewer's appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *see, e.g.*, *Turntine v. State*, No. 02-18-00348-CR,

---

[1]In his response, Brewer claims that he "was forced to plead guilty" and that he "was never properly advised of [his] rights" by his counsel. We have reviewed the transcript of the subject revocation hearing. During that hearing, Brewer indicated that he had signed his plea "voluntarily," that he had "[h]ad plenty of time to talk to [his] lawyer about [the charges brought against him]," that it was "true" that he had violated his probation, and that he was telling the court about that violation "voluntarily."

2018 WL 5074612, at *1 (Tex. App.—Fort Worth Oct. 18, 2018, no pet.) (per curiam) (mem. op., not designated for publication).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 16, 2023